The opinion of the Court ivas delivered by

Mr. Justice Johnson.

In the interpretation of contracts, that which is derived from the plain and obvious intention of the parties, to be collected from the whole instrument, must in general prevail; and if this rule is applied to this agreement, I think it will clearly follow that it imposed on the plaintiff an obligation to meet the defendant, and accept the titles. It does impose on the defendant, in explicit terms, the obligation to meet plaintiff and to make - titles, and by a necessary implication, the plaintiff was bound to t-ut it in his power to do so. Now if plaintiff would not meet, or would not accept titles, it was impossible, and that without any fault of defendant, that he could keep his contract.
A practical interpretation of the contract is I think found in the conduct of these parties; they acted upon it immediately; a time and place were appointed, and' if the evidence proves any ■thing, it shows that defendant kept his agreement and was ready to do what was required of him, and did do all that was ip his power.
It is a settled principle, that to enable a party to recover for the breach of a contract, it is incumbent on him to show that he has dpne eyery thing which was required of him, to enable the defendant to perform his part; and it is shown that there was an obligation on the plaintiff to meet the defendant at tlie time and place ap: ointed, to carry the agreement fully |nto effect. He failed to do so; nor did he give the defendant, any otlier opportunity to do what was required of him, before. *411 he brought his action. I think therefore that the nonsuit wa,s properly ordered. Motion refused.
Farrow, for motion,
Herndon, contra.
Colcock, JYoit and Gantt, Justices, concurred.